UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CODY WALDRIP, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 1:10-cv-0536-JMS-TAB |
| | ) | |
| ANGELA WALDRIP, CITY OF BLOOMINGTON, | ) | |
| INDIANA, MONROE COUNTY, INDIANA, | ) | |
|    *Defendants*. | ) | |

## **ORDER**

Plaintiff Cody Waldrip originally filed his case in Monroe Circuit Court. [Dkt. 1-1.] Defendants removed the case to this Court, alleging federal question jurisdiction based on Mr. Waldrip's § 1983 claim of Fourth, Fifth, and Fourteenth Amendment violations. [Dkt. 1 at 2]; 28 U.S.C. 1441(b).

During the instant federal litigation, the Court gave Mr. Waldrip numerous opportunities to amend his original complaint, the latest version of which makes no reference to § 1983 or corresponding constitutional violations. [Dkt. 51.] The Court therefore ordered Mr. Waldrip to file a statement stating which—if any—federal claims were at issue and as to which defendants those claims pertained. [Dkt. 69 at 1-2.] In response, Mr. Waldrip filed a motion to remand this case to state court, voluntarily dismissing any federal claims. [Dkt. 72 at 2.]

Now that this action involves purely state-law claims, the Court must decide whether to continue presiding over it or remand it back to the Monroe Circuit Court for resolution. "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (citations omitted). This is particularly true where a case involves complicated or novel areas of law. *Hansen v. Board of Trustees of Hamilton Southeas-*

*tern School Corp.*, 551 F.3d 599, 606 (7th Cir. 2008). The Court may retain jurisdiction, however, "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Id.* (citations omitted). Ultimately, the determination is a discretionary one based on the balance of those factors. *Timm v. Mead Corp.*, 32 F.3d 273, 276-77 (7th Cir. 1994).

Only Defendant City of Bloomington responded to Plaintiff's motion to remand. Monroe County and Ms. Waldrip did not, so the Court assumes they do not object to a remand. Bloomington argues that in this case, the balance weighs in favor of retaining jurisdiction. [Dkt. 76 at 1-2.] Specifically, they argue, "it would be against the interest of justice for the Court to remand the matter back to state court and begin the whole briefing process [a]new," given that this case has been pending in federal court since April 2010 and that all the parties have potentially dispositive motions pending.[1] [Dkt. 76 at 1.] Moreover, they argue, their recently filed Motion for Judgment on the Pleadings, [dkt. 73], is based on a common dispositive issue that does not involve a novel area of law. [*Id.* at 1.]

Given that the only remaining claims at issue are purely issues of state law, [dkt. 51], however, this case is more properly adjudicated in state court. *Medellin v. Texas*, 552 U.S. 491, 561 (2008). Likewise, given that this case has had a relatively short federal life-span, the Court finds that little injustice will result from beginning the briefing process anew in state court, particularly because the same briefs can simply be refilled with an amended caption. *Timm*, 32 F.3d

---

[1] This argument is specifically waged by the City of Bloomington, which actually did not file its motion for judgment on the pleadings until after Mr. Waldrip's motion to remand was already pending. [Dkt. 73.]

at 277. The Court thus finds it appropriate to relinquish jurisdiction over the state-law claims presently at issue in this case.

Therefore, the Court **GRANTS** Mr. Waldrip's Motion to Remand to State Court, and remands this matter to the Monroe Circuit Court. [Dkt. 72.] The Court further **DENIES AS MOOT** the City of Bloomington's Motion for Judgment on the Pleadings, [dkt. 73], Angela Waldrip's Motion to Dismiss, [dkt. 57], Monroe County's Motion to Dismiss, [dkt. 52], and City of Bloomington's Motion to Compel, [dkt. 49].

Plaintiff's federal claims are dismissed with prejudice.

01/25/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Carl Paul Lamb
clamb@carllamblaw.com

Earl R. C. Singleton
COMMUNITY LEGAL CLINIC
singlet@indiana.edu

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Cory Christian Voight

INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com